IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARILU FRUCTUOSO, MARGARITA VILLEGAS, OSCAR MURILLO, MARIA GARCIA AND JOSEFA YANEZ, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br>     PLAINTIFFS <br><br> v. <br><br> HEB GROCERY COMPANY, LP AND PASTRANAS PRODUCE, INC. <br>     DEFENDANTS | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:10-CV-951-LY <br><br><br><br><br><br> COLLECTIVE ACTION <br> (JURY DEMANDED) |

**PLAINTIFFS' RESPONSE AND OPPOSITION
TO DEFENDANT HEB GROCERY COMPANY, LP'S MOTION TO DISMISS
PLAINTIFFS' FLSA RETALIATION CLAIMS FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Plaintiffs and file this Response and Opposition to Defendant HEB's Rule 12(b)(6) motion to dismiss for failure to state a claim, and in support thereof would show the following:

**I.   OVERVIEW**

Plaintiffs have brought this action against Defendants HEB Grocery Company, LP ("HEB") and Pastranas Produce, Inc. ("Pastranas") (collectively, "Defendants") pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on two grounds: (a) for retaliation; and (b) as a collective action for failure to pay overtime wages to Plaintiffs and those similarly situated. This matter is related to another FLSA collective action currently pending before this Court, *Rosa Canela, et al. v. HEB Grocery Company, LP and Pastranas Produce, Inc.*, Civil Action No. 1:10-cv-788-LY ("*Canela* Matter").

HEB has filed a FED. R. CIV. P. 12(b)(6) motion to dismiss Plaintiffs' FLSA retaliation claims for failure to state a claim. In sum, HEB argues that Plaintiffs' retaliation claims are not pled with specificity, and therefore should be dismissed. As discussed below, HEB's motion to dismiss is meritless and premised on a heightened pleading standard that does not apply to an FLSA retaliation claim. HEB's motion should be denied. Alternatively and out of an abundance of caution, Plaintiffs have amended their complaint as a matter of course to render moot HEB's motion.

## II. FACTUAL BACKGROUND

HEB owns and/or operates more than 300 supermarkets across Texas. HEB uses Pastranas Produce to supply manual laborers to cut, prepare and/or package of HEB's fresh produce and fruit in HEB's supermarkets to sell to HEB's grocery customers. These manual laborers have no job title and will be referred to as "Produce Workers." The Produce Workers are plaintiffs in the related *Canela* Matter, in which more than 80 Produce Workers have joined the collective action asserting FLSA violations for failure to pay minimum wages and/or overtime. Defendants are the joint employers of Plaintiffs in this case, as well as joint-employers of the *Canela* plaintiffs.

Plaintiffs in this lawsuit were given the job title of "supervisor" and/or "inspector." The job duties of the Plaintiffs required them to go around to various HEB stores conducting inspections of the work of the Produce Workers, reporting to and checking in with HEB in-store supervisors to provide HEB personnel with information and to receive instructions from them, gathering paperwork relating to the work of the Produce Workers in the HEB stores, collecting information concerning the number of hours worked and the amount of work done by the

Produce Workers, taking Produce Workers from one HEB store to another HEB store to perform work as directed by HEB, as well as other miscellaneous duties as required by Defendants.

Plaintiffs were misclassified as exempt under the FLSA and despite working extremely long hours. Like the Produce Workers, Plaintiffs were not paid any overtime compensation. Plaintiffs were paid on a salary basis, while the Produce Workers were purportedly paid a rate based on the number of boxes and/or pieces of produce and fruit cut, processed, and/or sold.

Plaintiffs made informal internal complaints to Defendants about Defendants' failure to pay the Produce Workers minimum wages and/or overtime wages. Plaintiffs also complained to Defendants about their own compensation, including improper deductions and failure to pay wages. For example, Defendants made improper deductions from Plaintiffs' wages, including but not limited to, deductions when Plaintiffs reported overtime hours by the Produce Workers, when Plaintiffs purportedly filed reports late, and when the company was forced to settle claims for unpaid wages of Produce Workers, among other things.

Moreover, Plaintiffs complained about Defendants' failure to pay the Produce Workers for work performed. For example, when Plaintiffs reported that the Produce Workers had performed a certain amount of work or had cut a particular amount of produce or fruit, Defendants would reduce and/or simply not pay the Produce Workers for the total amount. Alternatively, if Plaintiffs persisted in seeking payment for the Produce Workers and/or complaining about the reduction in pay, Defendants would deduct the Produce Worker's pay amount out of Plaintiffs' pay, even though the Produce Worker did not receive pay for the overtime work.

As a result of Plaintiffs' complaints, Defendants retaliated against Plaintiffs and ultimately terminated them.

### III. ARGUMENT & AUTHORITIES

**A.   RULE 12(B)(6) MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM ARE DISFAVORED.**

Generally, motions to dismiss for failure to state a claim are viewed with disfavor. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); 5B WRIGHT & MILLER §1357, n. 34. A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir. 1991)).

Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "**[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.**'" *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Twombly,* 550 U.S. at 555) (emphasis added).

Recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft, 129 S. Ct. at 1949* (citing *Twombly,* 550 U.S. at 556).

When considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See, Twombly* 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974*)* (overruled on other grounds)); *see also*, *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 255-57 (5th Cir. 2009).

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co*., 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F. 3d 464, 467 (5th Cir. 2004). If sufficient notice of the basis of the plaintiff's claim is provided, "dismissal will not be affirmed if the allegations [made] support relief on any possible theory" of recovery. *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 261 (5th Cir. 1999) (internal citations omitted). Only if no possible construction of the alleged facts will entitle plaintiffs to relief should the court grant defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs to some relief, the Court should overrule HEB's motion.

In ruling on a Rule 12(b)(6) motion, the Court must (1) identify allegations that, because they are merely conclusions, are not entitled to an assumption of the truth; and (2) consider the

factual allegations to determine if they plausibly suggest a claim for relief. *Ashcroft*, 129 S.Ct. at 1950. The Court must indulge all inferences in favor of the plaintiff. If the factual issues are plausible, the Court cannot decide disputed fact issues—that is, the Court must assume all plausible facts contained in the complaint are true.

**B.    PLAINTIFFS HAVE SET FORTH SUFFICIENT PLEADINGS OF A RETALIATION CLAIM UNDER THE FLSA**

Plaintiffs have sufficiently alleged a cause of action for FLSA retaliation. The elements are: (1) plaintiff engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Pineda v. United Parcel Serv., Inc.* 360 F.3d 483, 487 (5th Cir. 2004).

In order to constitute a "protected activity" under the FLSA, it is not necessary that the plaintiff file a formal complaint. On the contrary, the Fifth Circuit has held that "an informal, internal complaint" constitutes a protected activity under the FLSA. *Hagan v. Echostar Satellite, L.L.C.,* 529 F.3d 617, 626 (5th Cir. 2008).

Here, Plaintiffs' Original Complaint provides, in part, as follows:

> "1.4    On various occasions, Plaintiffs complained to Defendants about their failure to pay minimum wages and/or overtime compensation. As a result, Plaintiffs were retaliated against and ultimately terminated.
>
> 4.14    Plaintiffs complained to Defendants about Defendants' failure to pay the Produce Workers minimum wages and/or overtime wages. Plaintiffs further complained to Defendants about their own compensation, including improper deductions and failure to pay wages.
>
> 4.15    As a result of Plaintiffs' complaints, Defendants retaliated against Plaintiffs and ultimately terminated them.
>
> 4.17    Defendants made improper deductions from Plaintiffs' wages, including but not limited, to deductions when Plaintiffs reported overtime hours by the Produce Workers, when Plaintiffs purportedly filed reports late, and when the company was forced to settle claims for unpaid wages of Produce Workers, among other things.

   5.2 Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiffs for engaging in activity protected under the FLSA.

   5.3 After engaging in protected activity under the FLSA as described herein—including but not limited to complaining about Defendants' failure to pay lawful wages—Plaintiffs were subjected to harassment, intimidation, and a hostile work environment and were ultimately fired. Such adverse employment actions were causally connected to and because Plaintiffs engaged in protected activity under the FLSA.

Plaintiffs' complaint more than satisfies the requirement of FED. R. CIV. P. 8(a)(2) that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Contrary to prevailing law under FED. R. CIV. P. 8(a)(2), HEB argues that Plaintiffs should be required to plead with specificity—detailing "to whom they made complaints" and "when the made the complaints." Def's Motion at p. 5. There is no legal basis to support HEB's motion, and it should be denied.

Plaintiffs have sufficiently alleged facts necessary to prove each element of their FLSA retaliation cause of action. As set forth above, Plaintiffs describe and state that they engaged in "protected activity" by making informal internal complaints about the failure to pay lawful wages to Produce Workers and to them. Further, Plaintiffs allege that they suffered adverse employment action by (1) having their pay reduced through deductions in pay; (2) being subjected to harassment, intimidation and a hostile work environment; and (3) ultimately being terminated. Finally, Plaintiffs' pleading sets forth a causal connection asserting that these retaliatory actions were taken in response to their complaints about Defendants' failure to pay lawful wages.

## C. PLAINTIFFS HAVE FILED AN AMENDED COMPLAINT THAT RENDERS THE HEB MOTION MOOT.

Because Plaintiffs' factual allegations support a claim upon which relief can be granted, the Court should deny Defendant HEB's motion. In the alternative and out of an abundance of caution, Plaintiffs have filed an amended complaint as a matter of course pursuant to FED. R. CIV. P. 15(a)(1)(B), which allows an amended pleading to be filed within 21 days of service of a Rule 12(b)(6) motion. Plaintiffs' First Amended Complaint contains sufficient allegations to state a claim to relief that is plausible on its face with respect to each element of FLSA retaliation as set forth below.

Plaintiffs' First Amended Complaint contains sufficient allegations regarding the <u>first element</u> of an FLSA retaliation claim—that plaintiff engaged in a protected activity, which includes informal, internal complaints:

> "5.2   Defendants violated 29 U.S.C. § 215(a)(3) by unlawfully retaliating against Plaintiffs for engaging in activity protected under the FLSA.
>
> 5.3   Plaintiffs engaged in protected activity under the FLSA as described herein by making various informal internal complaints to Defendants, including but not limited to, the following. For example, Plaintiffs complained about Defendants' failure to pay lawful wages to the Produce Workers. Plaintiffs also complained about Defendants' failure to pay them lawful wages. Plaintiffs complained that the Produce Workers were working long hours and not being paid for the hours that they worked. Plaintiffs also complained about the long hours that they worked and the fact that they were not being paid for the hours that they worked. Plaintiffs further complained that Defendants' pay scheme of purportedly paying Produce Workers based on the number of boxes and/or pieces of produce and fruit cut, processed, and/or sold. Plaintiffs also complained about Defendants' refusal to pay the Produce Workers for all hours and/or all work that they reported. Plaintiffs further complained about Defendants' demand that the Produce Workers would not be allowed to report any overtime hours, among other things. Plaintiffs further complained about various improper deductions that were made to their pay. For example, deductions were made to Plaintiffs' pay when Plaintiffs turned in paperwork from the Produce Workers that included overtime hours worked by the Produce Workers, when Plaintiffs were accused of filing reports late, when Plaintiffs complained about unlawful wages, and when

the company was forced to settle claims for unpaid wages of Produce Workers, among other things."

Plaintiffs' First Amended Complaint contains sufficient allegations regarding the <u>second element</u> of an FLSA retaliation claim—that an adverse employment action occurred:

> "5.4   Plaintiffs suffered adverse employment action as a result of making these informal internal complaints, including but not limited to, having their pay reduced and being subjected to improper pay deductions. Plaintiffs were also harangued, harassed, subjected to intimidation and a hostile work environment because of their internal complaints about Defendants' failure to pay proper wages. Ultimately, Plaintiffs all suffered the ultimate adverse employment action when they were each fired."

Plaintiffs' First Amended Complaint contains sufficient allegations regarding the <u>third element</u> of an FLSA retaliation claim—that an adverse employment action occurred:

> "5.5   The adverse action, such as having their pay reduced, having illegal deductions taken from their pay, being harassed, intimidated and harangued, and ultimately fired, are all causally connected to and because Plaintiffs engaged in protected activity under the FLSA by making informal internal complaints as described above."

Plaintiffs' First Amended Complaint contains sufficient allegations to establish that the FLSA retaliation claim has been brought within the requisite three year statute of limitations:

> "5.6   Plaintiffs each worked for Defendants within the meaning of the FLSA within the three years preceding the filing of this lawsuit. Further, Plaintiffs were each retaliated against within the meaning of the FLSA within the three years preceding the filing of this lawsuit."

While there is no merit to the allegations made in HEB's motion to dismiss for failure to state a claim, Plaintiffs' First Amended Complaint addresses and renders moot any issues raised by HEB's motion.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant HEB's Motion to Dismiss Plaintiffs' FLSA Retaliation Claims for Failure to State a Claim, and for all other relief at law or in equity to which Plaintiffs are justly entitled.

Respectfully submitted,

/s/ Broadus A. Spivey
Broadus A. Spivey
Attorney-in-Charge
State Bar No. 00000076
48 East Avenue
Austin, Texas  78701
o: 512+474-6061  f: 512+474-1605
Email: bas@spivey-law.com


/s/ Rhonda H. Wills
Rhonda H. Wills
Wills Law Firm
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas   77056
o: 713.528.4455  f: 713.528.2047
Email: rwills@rwillslawfirm.com

Arturo Villarreal, Jr.
Law Offices of Arturo Villarreal, Jr., PLLC
State Bar No. 24061908
48 East Avenue
Austin, Texas  78701
o: 512+474-6061  f: 512+474-1605
Email: art@rreal-law.com

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

   I hereby certify that on **January 21, 2011**, I electronically filed the foregoing document with the clerk of the court for the Western District of Texas using the electronic case filing system of the court. The following attorneys have been given notice as follows:

*via EM/ECF electronic service:*
Michael W. Fox
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
301 Congress Avenue, Suite 1150
Austin, Texas 78701
o: 512+344-4711
f: 512+344-4701
michael.fox@ogletreedeakins.com

*via EM/ECF electronic service:*
Lawrence D. Smith
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas 78205
o: 210.354.1300
f: 210.277.2702

*via EM/ECF electronic service:*
Abel Martinez
HEB Grocery Company, LP
P.O. Box 839999
San Antonio, Texas 78283
o: 210.938.8232

*via EM/ECF electronic service:*
Humberto Yzaguirre, Jr.
5 Old Alice Road
Brownsville, Texas 78520
o: 956+544-2750
f: 956+541-5141
beto_yzaguirre@hotmail.com

        /s/ Rhonda H. Wills
        Rhonda H. Wills